David B. Gordon
MITCHELL SILBERBERG & KNUPP LLP
12 East 49th Street, 30th Floor
New York, New York 10017
(917) 546-7701

*Attorneys for Defendant Mindgeek USA, Inc.*

IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------x
EDWARD KELLY,                           18-cv-10305 (RMB/JS)

               Plaintiff,      **ANSWER OF MINDGEEK USA, INC.
                                        TO SECOND AMENDED COMPLAINT
                                        AND JURY DEMAND**

        v.

MINDGEEK USA, INC. D/B/A
PORNHUB.COM, TRAFFICJUNKY INC.
D/B/A TRAFFICJUNKY.COM,
MINDGEEEK S.A.R.L. D/B/A PORNHUB.
COM, MG FREESITES LTD. and MG
TECHNOLOGIES LTD.,

               Defendants.
---------------------------------------------------------x

      Defendant Mindgeek USA, Inc. ("MUSA"), which does not do business as "Pornhub.com," own, manage or operate "Pornhub.com," or have any involvement with "Pornhub.com," by and through its counsel, Mitchell Silberberg & Knupp, LLP, for its Answer to the "Second Amended Complaint" (the "Complaint"), states as follows:

1. MUSA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1 of the Complaint.

2. MUSA denies the allegations of paragraph 2 of the Complaint, except admits that it is a corporation organized and existing under the laws of the State of Delaware and that it maintains offices in Burbank, California.

3. MUSA denies the allegations of paragraph 3 of the Complaint, except admits that its registered agent for service of process is Corporation Trust Co., which has an address of Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4. MUSA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4 of the Complaint.

5. MUSA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 5 of the Complaint.

6. MUSA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 6 of the Complaint.

7. MUSA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 7 of the Complaint.

8. MUSA states that the phrases "pornographic video sharing website" and "largest pornography site on the Internet" are vague and ambiguous and otherwise denies the allegations of paragraph 8 of the Complaint, except admits,

upon information and belief, that www.pornhub.com is an internet address utilized in connection with the Pornhub business.

9. MUSA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 9 of the Complaint.

10. MUSA refers to Exhibit A to the Complaint for its contents, denies that it owns, operates or has any involvement in the Pornhub website, and otherwise states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 10 of the Complaint.

11. MUSA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 11 of the Complaint.

12. MUSA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 12 of the Complaint.

13. MUSA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 13 of the Complaint.

14. Insofar as the allegations of Paragraph 14 of the Complaint are addressed to MUSA, MUSA denies such allegations.

15. MUSA denies the allegations of paragraph 15 of the Complaint, except admits that Traffic Junky Inc. and MUSA have common owners.

16. MUSA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 16 of the Complaint.

B105936.1/43277-00831

17. MUSA refers to the purported April 19, 2006 email for its contents and otherwise denies the allegations of paragraph 17 of the Complaint.

18. MUSA refers to Exhibit B to the Complaint for its contents and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 18 of the Complaint.

19. MUSA refers to Exhibit C to the Complaint for its contents and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 19 of the Complaint.

20. Insofar as the allegations of Paragraph 20 of the Complaint are addressed to MUSA, MUSA denies such allegations.

21. MUSA refers to Exhibit D to the Complaint for its contents and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 21 of the Complaint.

22. MUSA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 22 of the Complaint.

23. Insofar as the allegations of Paragraph 23 of the Complaint are addressed to MUSA, MUSA denies such allegations.

24. Insofar as the allegations of Paragraph 24 of the Complaint are addressed to MUSA, MUSA denies such allegations.

25. Insofar as the allegations of Paragraph 25 of the Complaint are addressed to MUSA, MUSA denies such allegations.

B105936.1/43277-00831

26. MUSA states that the allegations of paragraph 26 of the Complaint constitute conclusions of law to which no response is required and otherwise denies the allegations of paragraph 26 of the Complaint.

27. MUSA states that the allegations of paragraph 27 of the Complaint constitute conclusions of law to which no response is required and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 27 of the Complaint.

28. MUSA repeats its responses to the allegations of paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29. MUSA states that the phrase "enforceable right" is vague and ambiguous and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 29 of the Complaint.

30. Insofar as the allegations of Paragraph 30 of the Complaint are addressed to MUSA, MUSA denies such allegations.

31. Insofar as the allegations of Paragraph 31 of the Complaint are addressed to MUSA, MUSA denies such allegations.

32. MUSA repeats its responses to the allegations of paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33. Insofar as the allegations of Paragraph 33 (mis-numbered Paragraph 18) of the Complaint are addressed to MUSA, MUSA denies such allegations.

B105936.1/43277-00831

### First Affirmative Defense

34. Plaintiff fails to state a claim upon which relief can be granted against MUSA, because, among other reasons, MUSA does not do business as "Pornhub.com," own, manage or operate "Pornhub.com," or have any involvement with "Pornhub.com."

### Second Affirmative Defense

35. Plaintiff's claims against MUSA are barred, in whole or in part, by the First Amendment.

### Third Affirmative Defense

36. Plaintiff's claims against MUSA are barred, in whole or in part, by the Transformative Use defense.

### Fourth Affirmative Defense

37. Plaintiff's claims against MUSA are barred, in whole or in part, by the applicable statute of limitations.

### Fifth Affirmative Defense

38. Plaintiff's claims against MUSA are barred, in whole or in part, because such claims are preempted by the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, including but not limited to 17 U.S.C. § 301.

## Sixth Affirmative Defense

39. Plaintiff's claims against MUSA are barred, in whole or in part, because, to the extent Plaintiff suffered any damages, such damages were caused by a third party.

## Seventh Affirmative Defense

40. To the extent any of the acts alleged in the Complaint occurred, Plaintiff's claims against MUSA are barred, in whole or in part, by the doctrine of waiver in that Plaintiff had knowledge, either actual or constructive, of Plaintiff's rights and either had an actual intention to relinquish such rights or engaged in acts, conduct, or omissions so inconsistent with such rights so as to induce a reasonable belief on the part of MUSA that such rights had been waived, relinquished and/or abandoned.

## Eighth Affirmative Defense

41. Without admitting that authorization, permission, or consent was required, to the extent any of the acts alleged in the Complaint occurred, Plaintiff's claims against MUSA are barred, in whole or in part, because those acts were authorized, acquiesced in, ratified, or consented to by Plaintiff.

## Ninth Affirmative Defense

42. To the extent any of the acts alleged in the Complaint occurred, Plaintiff's claims against MUSA are barred, in whole or in part, by the doctrine of laches in that Plaintiff knowingly delayed for an unreasonable time, under

circumstances permitting and requiring diligence, to assert the purported claims alleged in the Complaint against MUSA, to the substantial detriment and prejudice of MUSA.

### Tenth Affirmative Defense

43. Plaintiff's claims against MUSA are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

### Eleventh Affirmative Defense

44. Plaintiff's claims against MUSA are barred, in whole or in part, by the doctrine of unclean hands.

WHEREFORE, MUSA respectfully requests that the Court enter judgment:

A. Dismissing the Complaint insofar as it asserts claims against MUSA;

B. Awarding MUSA its reasonable costs and attorneys' fees; and

C. Awarding MUSA such other relief as the Court deems just and proper.

### JURY DEMAND

MUSA demands a trial by jury of all issues so triable.

Dated:  July 11, 2018                By: /s/ David B. Gordon
                                                David B. Gordon
                                                MITCHELL SILBERBERG & KNUPP LLP
                                                12 East 49th Street, 30th Floor
                                                New York, New York 10017
                                                (917) 546-7701

B105936.1/43277-00831