

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

David B. Gordon
(917) 546-7701 Phone
(917) 546-7671 Fax
dbg@msk.com

March 4, 2019

**Via E-Filing**

Magistrate Judge Joel Schneider
United States District Court
District of New Jersey
Mitchell H. Cohen Building
& U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

      Re:    **Kelly v. Mindgeek USA, Inc.**
              **18 CV 10305**

Dear Judge Schneider:

    As you know, we are counsel to Defendants in the above-referenced matter. In accordance with your instructions on Friday. March 1, 2019, we are filing herewith, as Exhibit A, a copy of the letter that Defense counsel sent to Plaintiff's counsel dated February 14, 2019. To date, no response has been received. In addition, we are filing, as Exhibit B, the discovery responses that were the subject of the letter.

                        Respectfully yours,

                        David B. Gordon

DBG:mcp

cc: Samuel B. Fineman, Esq. (via e-filing)

B083374.1/43277-00831

12 East 49th Street, 30th Floor, New York, New York 10017-1028
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: www.msk.com

# EXHIBIT  A

# EXHIBIT  A

5977530.1/98808-00001



**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

David B. Gordon
A Professional Corporation
(917) 546-7701 Phone
(917) 546-7671 Fax
dbg@msk.com

February 14, 2019

**VIA E-MAIL ONLY (SFINEMAN@COHENFINEMAN.COM)**
Samuel Fineman
COHEN FINEMAN LLC
1999 Marlton Pike East, Suite 4
Cherry Hill, NJ 08003

**Re:    Kelly v. MindGeek USA, Inc., et al. - 18cv10305**
        **Meet and Confer Concerning Plaintiff's Discovery Responses**

Dear Mr. Fineman:

As you know, we are counsel to Defendant MindGeek USA, Inc. ("MUSA") and other
Defendants in the above-referenced matter. Pursuant to Local Civil Rule 37.1, we write to
confer with you concerning deficiencies in Plaintiff's Answers and Objections to Defendant,
MindGeek USA, Inc.'s First Request for Production of Documents and Tangible Things
("Responses to Production Requests") and Plaintiff's Answers and Objections to Defendant,
MindGeek USA, Inc.'s First Set of Interrogatories to Plaintiff ("Interrogatory Responses").

## 1.    Responses to Production Requests

Request Nos. 2 and 4:  These Requests called for the production of all documents, including
communications, relating to the single photo (the "Photo") underlying Plaintiff's claims in this
case and specifically identified in Paragraph 10 of the Second Amended Complaint ("SAC").
There is nothing vague or ambiguous about the Requests; Plaintiff undoubtedly knows which
Photo is at issue. In addition, because there is only one Photo in question, which Plaintiff asserts
was taken solely for his personal use and not disseminated by him, the universe of responsive
materials is not likely to be large, and there is no legitimate basis for asserting that a search for
responsive documents could be "burdensome." Accordingly, Plaintiff's objections that the
Requests are vague, ambiguous, overbroad and unduly burdensome are meritless. All responsive
documents and materials must be immediately produced.

Request No. 8:  Through this Request, MUSA sought the production of documents (a) sufficient
to identify the names and addresses of any persons who have viewed or received the Photo and
(b) related to certain communications Plaintiff has had with any such persons. This Request goes
to the heart of Plaintiff's damages theories, namely that he purportedly has suffered reputational
injury because third parties supposedly viewed the Photo on Pornhub.com and/or that
Defendants somehow have been enriched based on the number of times the Photo has been
viewed. Because this Request directly relates to Plaintiff's damages theories, Plaintiff's
wholesale objections to it are baseless. Responding will not pose an undue burden, nor is there
anything vague or ambiguous about the Request. Plaintiff should either fully respond to this
Request or, if Plaintiff has no responsive documents, he can simply so state, as he did in response



Samuel Fineman
February 14, 2019
Page 2

to numerous other Requests. If, on the other hand, Plaintiff is not seeking damages for any reputational injury or diminution of the "commercial value of his image" (SAC ¶¶ 16, 31), MUSA is entitled to written confirmation.

Request No. 16: This Request sought the production of documents relating to any communications between Plaintiff and MUSA. To MUSA's knowledge, to the extent that there were any communications, they were few in number and only would have related to the matters at issue in the instant lawsuit. For these reasons, there can be no legitimate basis for Plaintiff's refusal to produce documents in response to this Request.

Request No. 29: This Request sought the production of documents relating to certain allegations contained in paragraphs 29, 30 and 31 of the Second Amended Complaint, each of which was quoted within the Request. Because the Request relies and is based on Plaintiff's own allegations, the objections that the Request is vague and ambiguous are facially baseless. Moreover, any argument regarding undue burden makes no sense, inasmuch as the Request merely seeks the production of materials relating to allegations that Plaintiff presumably intends to prove during this case. Accordingly, production of the requested documents must be made.

## 2. Interrogatory Responses

Interrogatory No. 6: Although Plaintiff identified Samuel Morris as the person who originally contacted him about the Photo, Plaintiff did not provide Mr. Morris's address. Such information must be furnished to allow MUSA to depose Mr. Morris.

Interrogatory Nos. 9 and 10: In his responses to these Interrogatories, Plaintiff states, in each instance, that he "does not possess information responsive to this Interrogatory **at this time**." (emphasis added). Please indicate whether Plaintiff, at any prior point in time, possessed information responsive to either of these Interrogatories, and, if so, state why he no longer possesses such information.

Interrogatory No. 16: This Interrogatory calls for Plaintiff to provide specific information relating to a quoted allegation in the Second Amendment Complaint regarding a purported "substantial benefit" that MUSA supposedly received from Plaintiff. Plaintiff's objection that the Interrogatory is vague and ambiguous makes no sense, inasmuch as the Interrogatory is based on a quote from Plaintiff's own pleading. Nor would responding be unduly burdensome. Plaintiff has alleged that MUSA received "substantial benefit," and there is nothing undue about asking Plaintiff to identify the names of witnesses and documents relating to, and to explain the factual basis for, his own allegation.

Interrogatory Nos. 18 and 19: Plaintiff's responses to these Interrogatories are patently insufficient. Such Interrogatories called for Plaintiff to set forth the nature and amount of his damages with respect to his First Cause of Action (No. 18) and his Second Cause of Action (No. 19). In both instances, Plaintiff responded that "the nature and amount of damages set forth in the SAC speak for themselves." That is not so. Plaintiff must respond fully and completely to these Interrogatories, which obviously concern an issue that is central to this case.



Samuel Fineman
February 14, 2019
Page 3

Please respond to this letter by February 22, 2019.  If we are unable to resolve the issues raised above by then, we will contact the Court and seek appropriate relief.

Sincerely,

David B. Gordon

DBG:mcp

# EXHIBIT  B

EXHIBIT  B

5977530.1/98808-00001

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

EDWARD KELLY                         :        CIVIL ACTION
                                     :
              Plaintiff,             :
                                     :
                                     :        Docket No. 18-cv-10305
         v.                          :
                                     :
MINDGEEK USA, Inc. D/B/A             :
PORNHUB.COM, TRAFFICJUNKY            :        PLAINTIFF'S ANSWERS AND
INC. D/B/A TRAFFICJUNKY.COM,         :        OBJECTIONS TO DEFENDANT,
MINDGEEK S.À.R.L. D/B/A              :        MINDGEEK USA, INC.'S FIRST
PORNHUB.COM, MG FREESITES            :        REQUEST FOR PRODUCTION OF
LTD. and MG TECHNOLOGIES, LTD. :              DOCUMENTS AND TANGIBLE
                                     :        THINGS
              Defendants.            :

AND NOW comes Plaintiff, Edward Kelly, by and through his counsel, Samuel B.

Fineman, Esquire, of the law firm of Cohen Fineman, LLC, and serves Plaintiff's Answers and

Objections to Defendant, Mindgeek USA, Inc.'s First Request for Production of Documents and

Tangible Things as follows:

## PLAINTIFF'S ANSWERS AND OBJECTIONS TO REQUEST FOR PRODUCTION

### Request No. 1.

All documents reflecting MUSA's ownership or operation of, or involvement with, the

Pornhub.com website.

**RESPONSE.  Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff cites and provides the following documents reflecting MUSA's relationship with Pornhub.com: Three (3) independently filed federal lawsuits support said conclusion: 1) *Vilox Technologies, LLC v. Mindgeek USA, Inc.* (Docket No. 2:16-cv-01278; U.S. District Court, E.D. Texas (2016)); 2) *John Kohler Marsh v. Mindgeek S.A.R.L., et al.* (Docket No. 2:17-cv-02724; U.S. District Court of Arizona (2017)); and 3) *Preservation Technologies, LLC v. Mindgeek USA, Inc., et al.* (Docket No. 2:17-cv-08906; U.S. District Court, C.D. California (2017)) and the following media articles: Joe Pinsker, The Hidden Economics of Porn: A gender-studies**

professor explains how the industry works, *The Atlantic*, (4/4/16). (https://www.theatlantic.com/business/archive/.../pornography...economics.../476580); Naked Capitalism: The internet blew the porn industry's model apart. Its response holds lessons for other media firms, *The Economist*, (9/26/15), (https://www.economist.com/international/2015/09/26/naked-capitalism; Gary Marshall, The most important internet companies you haven't heard of, *Techradar* (8/28/16)( https://www.techradar.com/.../internet/the-most-important-internet-companies-you-havent-heard-of); David Auerbach, Vampire Porn: MindGeek is a cautionary tale of consolidating production and distribution in a single, monopolistic owner, *Slate* (10/23/14), (http://www.slate.com/articles/technology/technology/2014/10/mindgeek_porn_monopoly_it s_dominance_is_a_cautionary_tale_for_other_industries.html); Katrina Forrester, Making Sense of Modern Pornography, *The New Yorker* (9/26/16), (https://www.newyorker.com/magazine/2016/09/.../making-sense-of-modern-pornography). Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.

Request No. 2.

All documents relating to The Photo.

RESPONSE. Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Documents are withheld on the basis of said objections.

Request No. 3.

Documents sufficient to identify the person who took The Photo, the date it was taken, the location at which it was taken, and the purpose for which it was taken.

RESPONSE. Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that he possesses no documents responsive to this request. See Plaintiff's Response to Interrogatory No. 2. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.

Request No. 4.

All documents relating to communications relating to The Photo.

RESPONSE. Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Documents are withheld on the basis of said objections.

Request No. 5.

Documents sufficient to identify the manner in which and any location where The Photo has been stored.

2

**RESPONSE.** **Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that he possesses no documents responsive to this request. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

**Request No. 6**.

All documents relating to the usage of any file hosting service to store The Photo.

**RESPONSE.** **Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that he possesses no documents responsive to this request. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

**Request No. 7**.

All documents reflecting any alterations or edits to The Photo.

**RESPONSE.** **Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that The Photo and the altered version of same are provided herewith. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

**Request No. 8**.

Documents sufficient to identify the names and addresses of any person or entity that has received or viewed The Photo, and all documents relating to any communications with any such person or entity relating to The Photo.

**RESPONSE.** **Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Documents are withheld on the basis of said objections.**

**Request No. 9**.

All documents reflecting or relating to the sale, transfer, licensing and/or ownership of The Photo.

**RESPONSE.** **Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that he possesses no documents responsive to this request. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

3

**Request No. 10.**

All documents reflecting or relating to the nature and scope of any consent given for the use of The Photo.

**RESPONSE. Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that he possesses no documents responsive to this request. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

**Request No. 11.**

All documents relating to Plaintiffs discovery of the posting of The Photo on the Pomhub.com website, including without limitation documents sufficient to identify the date when Plaintiff first learned that The Photo was on the Pomhub.com website.

**RESPONSE. Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that he possesses no documents responsive to this request. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

**Request No. 12.**

All documents relating to any efforts by Plaintiff to have The Photo removed from the Pomhub.com website.

**RESPONSE. Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that all communications with agents for Traffic Junky and MindGeek responsive to this request are attached herewith. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

**Request No. 13.**

All documents relating to the registration of The Photo with the United States Copyright Office or any other governmental entity.

**RESPONSE. Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that he**

4

possesses no documents responsive to this request. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.

**Request No. 14**.

All documents sent to or received from the United States Copyright Office or any other governmental entity relating to The Photo.

**RESPONSE. Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that he possesses no documents responsive to this request. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

**Request No. 15**.

All documents relating to any photographs and/or advertisements depicting Plaintiff's image and/or likeliness that Plaintiff has sold or licensed for commercial use, including without limitation documents sufficient to show the terms and dates of any such sale or license.

**RESPONSE. Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that he possesses no documents responsive to this request. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

**Request No. 16.**

All documents relating to any communications between MUSA and Plaintiff.

**RESPONSE. Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that he does not have sufficient information to answer said Request at present and thus responds in the negative. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

**Request No. 17.**

All documents relating to any communications between Plaintiff and any Defendant in this action other than MUSA.

5

**RESPONSE. Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that all communications with agents for Traffic Junky and MindGeek responsive to this request are attached herewith. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

### Request No. 18.

All documents relating to the allegations in: (a) paragraph 10 of the Complaint, that "[w]ithin the past six (6) years, Plaintiffs friend (hereafter referred to by his initials, 'S.M.'), who resides in Virginia, had visited the Pornhub site and discovered a photograph of Plaintiff (that was taken and owned by Plaintiff) displaying fanned-out cash in an advertisement promoted by Pornhub on its website;" (b) paragraph 11 of the Complaint, that "When S.M. confronted Plaintiff about the photograph, Plaintiff was dismayed and distraught;" and/or (c) paragraph 12 of the SAC, that "Plaintiff had neither consented to nor sold his image to Pornhub for commercial use."

**RESPONSE. Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that he possesses no documents responsive to this request. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

### Request No. 19.

All documents relating to the allegations in paragraph 13 of the SAC that, "S.M.'s brother (hereinafter referred to by his initials, 'B.M.') independently discovered Plaintiffs photograph on the Pornhub website."

**RESPONSE. Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that he possesses no documents responsive to this request. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

### Request No. 20.

6

All documents relating to the allegations in paragraph 14 of the SAC that, "Plaintiff does not know how his photo was extracted and/or disseminated but someone on Pornhub's advertising team and/or Traffic Junky's advertising team found the photo of Plaintiff and decided to use it in an ad campaign without Plaintiffs consent."

**RESPONSE. Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that he possesses no documents responsive to this request. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

**Request No. 21.**

Documents sufficient to identify the names and addresses of each of Plaintiff's employers since 2008, the dates of employment, the title of each position he has held, and the nature of his duties in each such position.

**RESPONSE. Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that he possesses no documents responsive to this request. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

**Request No. 22.**

All documents relating to the allegations in paragraph 16 of the SAC that Plaintiff "believes that anyone who viewed the advertisement on Pornhub could reasonably believe that Plaintiff intentionally consented to Pornhub's use of his image, an action deleteriously impacting his image by associating him with a known pornographic commercial operation."

**RESPONSE. Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that he possesses no documents responsive to this request. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

**Request No. 23.**

A copy of the April 19, 2016 email referenced in paragraph 17 of the SAC.

7

**RESPONSE.** **Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that all communications with agents for Traffic Junky and MindGeek responsive to this request are attached herewith. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

**Request No. 24.**

All documents relating to: (a) the April 19, 2016 E-mail from Miller; (b) the allegations in paragraph 19 of the SAC that "Plaintiff responded to Mr. Miller's inquiry by stating that he did not have the ad's URL;" (c) the April 19, 2016 E-mail Response; and/or (d) the allegations in paragraph 20 of the SAC that "[d]espite having the information provided by Plaintiff, Defendants undertook no further efforts to locate the offending advertisement or respond to his grievance."

**RESPONSE.** **Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that all communications with agents for Traffic Junky and MindGeek responsive to this request are attached herewith. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

**Request No. 25.**

All documents relating to the allegations in paragraph 21 of the SAC that "[w]hile Plaintiff does not have the URL of the ad depicting his image, there are similar ads that regularly appear on Pornhub."

**RESPONSE.** **Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that since this lawsuit has been filed, he has located the live URL on the Traffic Junky site of the subject image at https://media.trafficjunky.net/ads/000/455/339/image455339.jpg and further, that similarly themed ads are provided herewith, corresponding to the followings URLs:**

| | |
|---|---|
| 1) | **https://media.trafficjunky.net/ads/000/455/333/image455333.jpg;** |
| 2) | **https://media.trafficjunky.net/ads/000/455/334/image455334.jpg;** |
| 3) | **https://media.trafficjunky.net/ads/000/455/335/image455335.jpg;** |
| 4) | **https://media.trafficjunky.net/ads/000/455/336/image455336.jpg;** |
| 5) | **https://media.trafficjunky.net/ads/000/455/338/image455338.jpg;** |
| 6) | **https://media.trafficjunky.net/ads/000/455/340/image455340.jpg;** |

8

7)   https://media.trafficjunky.net/ads/000/455/341/image455341.jpg; and
8)   https://media.trafficjunky.net/ads/000/455/342/image455342.jpg

**Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

**Request No. 26.**

All documents relating to the allegations in: (a) paragraph 22 of the SAC, that "the subject ad depicting Plaintiff likely appeared on Pornhub through a Traffic Junky ad campaign under ID no. 28442" and "[i]t is unknown who the specific advertiser is;" and/or (b) paragraph 23 of the Complaint, that "Defendants should be able to identify the advertiser by looking up the ID number."

**RESPONSE. Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that since this lawsuit has been filed, he has located the live URL on the Traffic Junky site of the subject image at https://media.trafficjunky.net/ads/000/455/339/image455339.jpg and further, that similarly themed ads are provided herewith, corresponding to the followings URLs:**

1)   **https://media.trafficjunky.net/ads/000/455/333/image455333.jpg;**
2)   **https://media.trafficjunky.net/ads/000/455/334/image455334.jpg;**
3)   **https://media.trafficjunky.net/ads/000/455/335/image455335.jpg;**
4)   **https://media.trafficjunky.net/ads/000/455/336/image455336.jpg;**
5)   **https://media.trafficjunky.net/ads/000/455/338/image455338.jpg;**
6)   **https://media.trafficjunky.net/ads/000/455/340/image455340.jpg;**
7)   **https://media.trafficjunky.net/ads/000/455/341/image455341.jpg; and**
8)   **https://media.trafficjunky.net/ads/000/455/342/image455342.jpg**

**Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

**Request No. 27.**

All documents relating to the allegations in paragraph 24 of the SAC that "Defendants' offending advertisement likely exists somewhere between ads 445926 and 445936 per said ID campaign."

9

**RESPONSE.** **Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that since this lawsuit has been filed, he has located the live URL on the Traffic Junky site of the subject image at https://media.trafficjunky.net/ads/000/455/339/image455339.jpg and further, that similarly themed ads are provided herewith, corresponding to the followings URLs:**

> **1)** **https://media.trafficjunky.net/ads/000/455/333/image455333.jpg;**
> **2)** **https://media.trafficjunky.net/ads/000/455/334/image455334.jpg;**
> **3)** **https://media.trafficjunky.net/ads/000/455/335/image455335.jpg;**
> **4)** **https://media.trafficjunky.net/ads/000/455/336/image455336.jpg;**
> **5)** **https://media.trafficjunky.net/ads/000/455/338/image455338.jpg;**
> **6)** **https://media.trafficjunky.net/ads/000/455/340/image455340.jpg;**
> **7)** **https://media.trafficjunky.net/ads/000/455/341/image455341.jpg; and**
> **8)** **https://media.trafficjunky.net/ads/000/455/342/image455342.jpg**

**Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

### Request No. 28.

All documents relating to the allegations in paragraph 25 of the SAC that "Plaintiff has suffered emotional harm based upon Defendants' violation of his privacy rights and usurpation of his common law right of publicity."

**RESPONSE. Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that he possesses no documents responsive to this request. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

### Request No. 29.

All documents relating to the allegations in: (a) paragraph 29 of the SAC, that "Plaintiff owns an enforceable right in his image which is depicted in the subject advertisement photograph;" (b) paragraph 30 of the SAC, that "Defendants' use of Plaintiff's image was unauthorized;" and/or (c) paragraph 31 of the SAC, that "There is a significant likelihood that

10

Defendants' unauthorized use of Plaintiff's image caused damage to the commercial value of his image."

**RESPONSE. Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Documents are withheld on the basis of said objections.**

**Request No. 30.**

All documents relating to the allegations in paragraph 33 (mis-numbered paragraph 18) of the SAC that, "Defendants received substantial benefit from the use of Plaintiffs image without giving consideration to Plaintiff for said use and was thus unjustly enriched."

**RESPONSE. Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that he possesses no documents responsive to this request. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

**Request No. 31.**

All documents relating to Plaintiffs claim for damages, including without limitation documents relating to the assertions in paragraph 3 of Plaintiff's Initial Disclosures that "Plaintiff has demanded monetary damages in excess of $3,000,000.00 based upon Defendants' unlawful usurpation of his image for commercial use on a pornographic website. Plaintiffs damages sound in compensatory damages stemming from emotional harm, reputational harm, commercial harm and potential punitive damages."

**RESPONSE. Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that he possesses no documents responsive to this request. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

**Request No. 32.**

All documents and other materials identified by Plaintiff in paragraph 2 of Plaintiff's Initial Disclosures.

11

**RESPONSE.** Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that the referenced documents are produced again herewith. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.
**Request No. 33.**

All documents relating to the assertion in paragraph 2(a) of Plaintiff's Initial Disclosures

that The Photo was "hacked from [Plaintiffs] electronic device(s) (either phone or computer). . ."

**RESPONSE.** Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that he possesses no documents responsive to this request. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.


**Request No. 34.**

Any computer that Plaintiff has used in viewing the Pornhub.com website.

**RESPONSE.** Plaintiff objects to this Request as overly broad, ambiguous, unduly burdensome, vague and requests for documents and things outside the scope of permissible discovery. Without waiving said objections, Plaintiff responds that per his individual research into the subject matter, he has visited the Pornhub.com website with his computer, a Lenova Thinkpad.


Dated: September 13, 2018                    COHEN FINEMAN, LLC

                                             _____
                                             Samuel B. Fineman, Esquire
                                             PA ID 75717
                                             1999 Marlton Pike E., Suite 4
                                             Cherry Hill, NJ 08003
                                             (856) 304-0699
                                             *Counsel for Plaintiff*

12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EDWARD KELLY | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | Docket No. 18-cv-10305 |
| v. | : | |
| | : | |
| MINDGEEK USA, Inc. D/B/A | : | PLAINTIFF'S ANSWERS AND |
| PORNHUB.COM, TRAFFICJUNKY | : | OBJECTIONS TO DEFENDANT, |
| INC. D/B/A TRAFFICJUNKY.COM, | : | MINDGEEK USA, INC.'S FIRST |
| MINDGEEK S.À.R.L. D/B/A | : | SET OF INTERROGATORIES TO |
| PORNHUB.COM, MG FREESITES | : | PLAINTIFF |
| LTD. and MG TECHNOLOGIES, LTD. | : | |
| | : | |
| Defendants. | : | |

AND NOW comes Plaintiff, Edward Kelly, by and through his counsel, Samuel B.

Fineman, Esquire, of the law firm of Cohen Fineman, LLC, and serves Plaintiff's Answers and

Objections to Defendant, Mindgeek USA, Inc.'s Interrogatories to Plaintiff as follows:

## PLAINTIFF'S ANSWERS AND OBJECTIONS TO INTERROGATORIES

**Interrogatory No. 1.**

Set forth all facts supporting your contention that MUSA does business as

"Pornhub.com," including without limitation any facts that support any contention of Plaintiff

that MUSA owns, operates, manages or has any other involvement with Pornhub.com.

**RESPONSE. Plaintiff objects to this Interrogatory as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections and based on reasonable inquiry and information currently available, one can find ample support in the public sphere for the proposition that Defendant, Mindgeek USA, Inc., does business as, and is corporately related to, the operation of "Pornhub.com." Three (3) independently filed federal lawsuits support said conclusion: 1) *Vilox Technologies, LLC v. Mindgeek USA, Inc.* (Docket No. 2:16-cv-01278; U.S. District Court, E.D. Texas (2016)); 2) *John Kohler Marsh v. Mindgeek S.À.R.L., et al.* (Docket No. 2:17-cv-02724; U.S. District Court of Arizona (2017)); and 3) *Preservation Technologies, LLC v. Mindgeek USA, Inc., et al.* (Docket No.**

2:17-cv-08906; U.S. District Court, C.D. California (2017)). Moreover, major news sources have reported on the nexus between Mindgeek, the corporate parent, its various subsidiaries, and "Pornhub.com," the website. See, for example, Joe Pinsker, The Hidden Economics of Porn: A gender-studies professor explains how the industry works, The Atlantic,                                                                                                                (4/4/16). (https://www.theatlantic.com/business/archive/.../pornography...economics.../476580); Naked Capitalism: The internet blew the porn industry's model apart. Its response holds lessons       for       other       media       firms,       The       Economist,       (9/26/15), (https://www.economist.com/international/2015/09/26/naked-capitalism;    Gary    Marshall, The most important internet companies you haven't heard of, Techradar (8/28/16)( https://www.techradar.com/.../internet/the-most-important-internet-companies-you-havent-heard-of); David Auerbach, Vampire Porn: MindGeek is a cautionary tale of consolidating production and distribution in a single, monopolistic owner, Slate (10/23/14), (http://www.slate.com/articles/technology/technology/2014/10/mindgeek_porn_monopoly_it s_dominance_is_a_cautionary_tale_for_other_industries.html); Katrina Forrester, Making Sense       of       Modern       Pornography,       The       New       Yorker       (9/26/16), (https://www.newyorker.com/magazine/2016/09/.../making-sense-of-modern-pornography). By way of further response, Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.

## Interrogatory No. 2.

Identify all persons with knowledge and documents relating to the taking of The Photo, and state who took The Photo, the purpose for which it was taken, and the date it was taken.

RESPONSE. Plaintiff objects to this Interrogatory as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that he is the only individual with knowledge of the taking of The Photo. The Photo was taken by Plaintiff on or about April 10, 2010, in Plaintiff's vehicle outside of TD Bank in Clementon, New Jersey located at 1235 Blackwood-Clementon Road. The Photo was taken on Plaintiff's smartphone. Plaintiff had just withdrawn money from the bank and posed for a "selfie" as he fanned the money before his face as an inside gag. By way of further response, Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.

## Interrogatory No. 3.

Identify all persons with knowledge and documents relating to any edits and/or

alterations made to The Photo.

RESPONSE. Plaintiff objects to this Interrogatory as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that he is unaware of the identities of the individuals or persons who made edits and/or alterations to The Photo. By way of further response, Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.

2

**Interrogatory No. 4.**

Identify all persons with knowledge and documents relating to the nature and scope of any written or oral consent or authorization given by Plaintiff for the use of The Photo in any advertisement, online or physical publication, or audiovisual work.

**RESPONSE. Plaintiff objects to this Interrogatory as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that he never gave anyone written or oral consent or authorization to use The Photo in any advertisement, online or physical publication, or audiovisual work.**

**Interrogatory No. 5.**

Identify all persons who have received and/or viewed The Photo and, for each such person, state the date it was received and/or viewed, whether it was viewed on the Pornhub.com website and, if not, where, how and the circumstances under which it was received and/or viewed.

**RESPONSE. Plaintiff objects to this Interrogatory as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that it is impossible to quantify and identify the people who have received and/or viewed the altered version of The Photo that appeared on the Pornhub.com website, since The Photo and its altered version have been featured in many online news articles covering this lawsuit, including but not limited to, the *Courier Post*, the *New York Post*, *Philly Voice*, *Newsweek*, the *Daily Mail*, the *Inquisitor* and *Gizmodo*. By way of further response, Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

**Interrogatory No. 6.**

Identify all persons with knowledge and documents relating to Plaintiffs discovery of the posting of The Photo on the Pornhub.com website, and state when and how Plaintiff discovered that The Photo was posted on the Pornhub.com website.

**RESPONSE. Plaintiff objects to this Interrogatory as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that he was originally contacted in 2012 by a friend living in Virginia, Samuel Morris, advising**

3

Plaintiff that his image (now identified as The Photo with verbiage superimposed) was being featured in an advertisement on the Pornhub.com website. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.

**Interrogatory No. 7.**

Identify all persons with knowledge and documents relating to, and describe all steps taken, in connection with any efforts to have The Photo taken down from the Pornhub.com website.

**RESPONSE.** Plaintiff objects to this Interrogatory as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that he e-mailed Pornhub on April 19, 2016, asking for information and redress for the Photo's publication on Pornhub. Over the next few months, Plaintiff received various responses from Chris Miller of Traffic Junky and Chantale Pittarelli of MindGeek, but neither offered to assist in taking down the offending Photo. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.

**Interrogatory No. 8.**

State whether or not The Photo has been registered with the United States Copyright Office or any other governmental entity and, if not, identify all persons with knowledge and documents relating to any efforts to obtain registration and describe such efforts.

**RESPONSE.** Plaintiff objects to this Interrogatory as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that he neither registered The Photo with the United States Copyright Office nor any other governmental entity. Plaintiff does not have any information regarding anyone's attempts to obtain registration for same. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.

**Interrogatory No. 9.**

Identify all persons with knowledge and documents relating to any sale, transfer, licensing, and/or ownership of The Photo.

**RESPONSE.** Plaintiff objects to this Interrogatory as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff does not possess information responsive to this Interrogatory at this time. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.

4

**Interrogatory No. 10.**

Identify all persons with knowledge and documents relating to any photographs and/or advertisements depicting Plaintiffs image and/or likeliness that Plaintiff has sold or licensed for commercial use.

**RESPONSE. Plaintiff objects to this Interrogatory as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff does not possess information responsive to this Interrogatory at this time. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

**Interrogatory No. 11.**

Identify all of your employers since 2008, the dates of employment, and the title of each position you have held, and set forth the nature of your duties in each such position.

**RESPONSE. Plaintiff objects to this Interrogatory as overly broad, ambiguous, unduly burdensome, vague and calls for information outside the permissible scope of discovery. Without waiving said objections, Plaintiff responds that from 2008 to December, 2009 he was employed as a guard at Securitas. Since then he has been self-employed and works through his company, PCS n Things, LLC, as a computer professional dealing with computer issues for both business and personal use computers. Plaintiff does not recall when PCS in Things was formally registered as a limited liability company. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

**Interrogatory No. 12.**

Identify all persons with knowledge and documents relating to, and set forth all facts supporting, your contention in paragraph 14 of the SAC that, "... someone on Pornhub's advertising team and/or Traffic Junky's advertising team found the photo of Plaintiff and decided to use it in an ad campaign without Plaintiffs consent."

**RESPONSE. Plaintiff objects to this Interrogatory as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that, assuming Traffic Junky is related to and/or controlled by Pornhub and/or MindGeek, an individual or multiple individuals employed by said companies used the Photo and altered it without Plaintiff's consent. Logically speaking, there is no other way the Photo could have appeared on said website. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

5

**Interrogatory No. 13.**

Identify all persons with knowledge and documents relating to, and set forth the factual bases for, the allegations in paragraph 16 of the SAC that Plaintiff "believes that anyone who viewed the advertisement on Pornhub could reasonably believe that Plaintiff intentionally consented to Pornhub's use of his image, an action deleteriously impacting his image by associating him with a known pornographic commercial operation."

**RESPONSE.** Plaintiff objects to this Interrogatory as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that the allegation speaks for itself. Plaintiff, a computer professional and family man, is depicted in an unflattering light in advertisement appearing on a pornographic website. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.

**Interrogatory No. 14.**

Identify all persons with knowledge and documents relating to, and set forth all facts supporting, the allegations in paragraph 20 of the SAC that, "Despite having the information provided by Plaintiff, Defendants undertook no ... efforts to locate the offending advertisement or respond to [Plaintiff's] grievance."

**RESPONSE.** Plaintiff objects to this Interrogatory as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that the allegation speaks for itself. Beginning April 19, 2016, Plaintiff e-mailed Pornhub regarding his grievance and received a response from Chris Miller at Traffic Junky. Thereafter, Plaintiff received a response from Chantale Pittarelli, Director of Legal and Business Affairs at MindGeek. Neither Ms. Pittarelli nor Mr. Miller did anything for Plaintiff to help identify and remove the Photo from the Pornhub site except to provide lip service. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.

**Interrogatory No. 15.**

Identify all persons with knowledge and documents relating to, and set forth all facts supporting, the allegations: (a) in paragraph 22 of the SAC, that "the subject ad depicting Plaintiff likely appeared on Pornhub through a Traffic Junky ad campaign under ID no. 28442"

6

and "[i]t is unknown who the specific advertiser is;" and (b) paragraph 23 of the SAC, that "Defendants should be able to identify the advertiser by looking up the ID number."

**RESPONSE. Plaintiff objects to this Interrogatory as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that the allegations contained in Paragraphs 22 and 23 of the SAC are based upon his knowledge and research. Specifically, Plaintiff has identified the location of the Photo live on Traffic Junky's website at https://media.trafficjunky.net/ads/000/455/339/image455339.jpg. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

Interrogatory No. 16.

Identify all persons with knowledge and documents relating to, and set forth all facts supporting, the allegations in paragraph 33 (mis-numbered as paragraph 18) of the SAC that, "Defendants received substantial benefit from the use of Plaintiff's image without giving consideration to Plaintiff for said use and was thus unjustly enriched."

**RESPONSE. Plaintiff objects to this Interrogatory as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that the allegations speak for themselves. For a period of time the duration of which has not been disclosed, Defendants benefitted from the use of Plaintiff's image without compensating him. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

Interrogatory No. 17.

Identify all persons with knowledge and documents relating to, and set forth all facts supporting, your contention in paragraph 2(a) of Plaintiff's Initial Disclosures that The Photo was "hacked from [Plaintiffs] electronic device(s) (either phone or computer)."

**RESPONSE. Plaintiff objects to this Interrogatory as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that, given that Plaintiff did not disseminate the Photo, the only explanation for Defendants' access to it would be from third-party hacking. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

7

**Interrogatory No. 18.**

Set forth the nature and amount of damages that you claim based on the First Cause of

Action of the SAC under the New Jersey common law right of publicity.

**RESPONSE. Plaintiff objects to this Interrogatory as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that the nature and amount of damages set forth in the SAC speak for themselves. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

**Interrogatory No. 19.**

Set forth the nature and amount of damages that you claim based on the Second Cause of

Action of the SAC for unjust enrichment/quantum merit.

**RESPONSE. Plaintiff objects to this Interrogatory as overly broad, ambiguous, unduly burdensome and vague. Without waiving said objections, Plaintiff responds that the nature and amount of damages set forth in the SAC speak for themselves. Plaintiff reserves his right to supplement this response in accordance with the F.R.C.P.**

Dated: September 13, 2018                         COHEN FINEMAN, LLC

_____
Samuel B. Fineman, Esquire
NJ ID No. 005381999
1999 Marlton Pike E., Suite 4
Cherry Hill, NJ 08003
(856) 304-0699
*Counsel for Plaintiff*

8